UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

CASE NO. 04-61555

USBP INC.

    Plaintiff,

CIV - COOKE

/ McALILEY

vs.

INTERNATIONAL MARINE ASSOCIATION LTD.
KEITH G. MORCROFT and BARBARA KOHLER,

    Defendants.
_____/

## COMPLAINT

COMES NOW, the Plaintiff USBP Inc. by and through its undersigned attorney and sues the Defendants INTERNATIONAL MARINE ASSOCIATION LTD., KEITH G. MORCROFT, and BARBARA KOHLER and further states as follows:

1. USBP Inc. is a corporation incorporated under the laws of the State of Florida. All times material hereto USBP has maintained an office in Pompano Beach, Florida.

2. INTERNATIONAL MARINE ASSOCIATION LTD. is upon information and belief a corporation incorporated under the laws of the Commonwealth of the Bahamas.

3. INTERNATIONAL MARINE ASSOCIATION LTD. has engaged in substantial activity in Florida; has operated, conducted, engaged in, or

carried on a business or business venture in Florida; and has conducted a marine insurance agency through agents in Florida.

4. Keith G. Morcroft is a citizen and resident of the State of Florida.

5. At all times material hereto, Keith Morcroft was a principle of and has operated INTERNATIONAL MARINE ASSOCIATION LTD.

6. Morcroft has done business with USBP INC. in Florida.

7. Moreover, Morcroft has committed torts in Florida through the use of instrumentalities of interstate commerce.

8. BARBARA KOHLER was a resident of the State of Florida and upon information and belief is presently a resident of the State of Pennsylvania.

9. At all times material, BARBARA KOHLER was an employee of INTERNATIONAL MARINE ASSOCIATION LTD. and through the course of her employment facilitated and arranged for insurance to the Plaintiff USBP Inc.

10. This is a claim arising under Rule 9(h) of the Federal Rules of Civil Procedure and falls within the admiralty and maritime jurisdiction of this Honorable Court.

11. Plaintiff USBP Inc. was the owner of two vessels named "ODINS" "RAVIN" and "EMBLA", the Vessels. These vessels were engaged in the carriage of tourists/passengers in Nassau, the Bahamas. In the operation of its business USBP INC. required that these vessels be insured for both Third Party liability and their hulls be insured for the total value of the Vessels as well.

12. In October 2002, USBP INC. communicated with INTERNATIONAL MARINE ASSOCIATION LTD. in order to secure both liability and hull insurance for the Vessels.

13. INTERNATIONAL MARINE ASSOCIATION LTD. as a broker arranged for insurance to be procured with an Underwriter identified as United Guaranty Re-Insurance Ltd. and various pooled Underwriters.

14. On October 2, 2002, INTERNATIONAL MARINE ASSOCIATION LTD. bound coverage for the Vessel's with the above named Underwriters upon payment by USBP INC. of the initial premium in the amount of $12,850.00 to INTERNATIONAL MARINE ASSOCIATION LTD.

15. The quoted annual premium from October 2002 to October 2003 for the vessels was $46,800.00, all of which was paid by USBP INC. as directed by INTERNATIONAL MARINE ASSOCIATION LTD.

16. The insurance for the Vessels was thereafter rebound with an effective policy date of October 2, 2003, through October 2, 2004 at an increased annual premium of $48,800.00. All premiums which were due and owing for this policy period were in fact paid by the Plaintiff USBP INC.

17. During the policy period of October 2003 through October 2004, the Vessels sank in Nassau and upon information and belief are a total loss. Pursuant to the terms and conditions of the issued binders, (as the Plaintiff was never provided with their actual insurance policy with express terms and conditions), the Plaintiff USBP INC. is entitled to recover the sum of $600,000.00 each for the loss of both Vessels and in addition thereto

$600,000.00 for personal property insured aboard both Vessels for a total insured loss of $2.4 million dollars.

18. The Plaintiff USBP INC. has endeavored to file its claim with the Underwriters recommended by INTERNATIONAL MARINE ASSOCIATION LTD, KEITH G. MORCROFT, and BARBARA KOHLER, United Guarantee Reinsurance and various pooled Underwriters, but said claim has been ignored.

19. USBP INC. has performed all conditions precedent required to maintain this action, or such conditions have occurred or have been waived.

20. Upon information and belief, United Guarantee Reinsurance, and various pooled Underwriters, were either grossly undercapitalized insurance entities or a gigantic Ponzi scheme which never intended to pay claims.

## COUNT I

USBP INC. reiterates its allegations alleged in Paragraphs 1 through 19 and further states:

21. At all times material, INTERNATIONAL MARINE ASSOCIATION LTD. represented to USBP INC. that it was acting or acted as a broker in procuring the necessary insurance as required by the Plaintiff for its Vessels. Despite receipt of the required premiums INTERNATIONAL MARINE ASSOCIATION LTD. negligently failed to procure insurance from a trustworthy and viable Underwriter.

22. At all times material, INTERNATIONAL MARINE ASSOCIATION LTD. knew or should have known that United Guarantee Reinsurance Ltd. and

4

various pooled Underwriters were not licensed to write insurance in the State of Florida or for that matter in any other State in the United States of America.

23. At all times material, INTERNATIONAL MARINE ASSOCIATION LTD. knew or should have known that United Guarantee Reinsurance Ltd. and various pooled Underwriters were the subject of investigations by several State's Department of Insurance for engaging in unauthorized insurance activity.

24. At all times material, INTERNATIONAL MARINE ASSOCIATION LTD. knew or should have known that United Guarantee Reinsurance Ltd. and various pooled Underwriters were the subject of criminal investigations concerning their activities in the selling of questionable insurance policies.

25. Despite the above, INTERNATIONAL MARINE ASSOCIATION LTD. arranged for the Plaintiff to be insured by United Guarantee Reinsurance Ltd. and various pooled Underwriters and thereby breached its duty as a broker to USBP Inc.

26. As a result of INTERNATIONAL MARINE ASSOCIATION LTD. negligence USBP INC. has sustained damages in the amount exceeding $2.4 million dollars.

WHEREFORE, USBP INC. demands judgment against INTERNATIONAL MARINE ASSOCIATION LTD. for its damages together with interests, costs, and such other and further relief as this Court may deem just and proper.

## COUNT II - KEITH G. MORCROFT

USBP INC. reiterates its allegations alleged in Paragraphs 20 through 25 and further states:

27. At all times material, KEITH G. MORCROFT represented to USBP INC. that it was acting or acted as a broker in procuring necessary insurance required by the Plaintiff for its Vessels. Despite receipt of the required premiums KEITH G. MORCROFT negligently failed to procure insurance from a trustworthy and viable Underwriter.

28. At all times material, KEITH G. MORCROFT knew or should have known that United Guarantee Reinsurance Ltd. and various pooled Underwriters were not licensed to write insurance in the State of Florida or for that matter in any other State in the United States of America.

29. At all times material, KEITH G. MORCROFT knew or should have known that United Guarantee Reinsurance Ltd. and various pooled Underwriters were the subject of investigations by several State's Department of Insurance for engaging in unauthorized insurance activity.

30. At all times material, KEITH G. MORCROFT knew or should have known that United Guarantee Reinsurance Ltd. and various pooled Underwriters were the subject of criminal investigations concerning their activities in the selling of questionable insurance policies.

31. Despite the above, KEITH G. MORCROFT arranged for the Plaintiff to be insured by United Guarantee Reinsurance Ltd. and various pooled

Underwriters and thereby breached its duty as a broker/agent to USBP Inc.

32. As a result of KEITH G. MORCROFT negligence USBP INC. has sustained damages in the amount exceeding $2.4 million dollars.

33. That KEITH G. MORCROFT misrepresented the benefits, advantages, conditions, or terms of the marine insurance policy purportedly issued to USBP INC.

34. That KEITH G. MORCROFT knowingly collected a premium or charge for marine insurance, which was not provided or was not in due course to be provided by the policy issued to USBP INC.

WHEREFORE, USBP INC. demands judgment against KEITH G. MORCROFT for its damages together with interests, costs, and such other and further relief as this Court may deem just and proper.

### COUNT III –BARBARA KOHLER

USBP INC. reiterates its allegations alleged in Paragraphs 26 through 31 and further states:

35. At all times material, BARBARA KOHLER, represented to USBP INC. that it was acting or acted as a broker in procuring necessary insurance required by the Plaintiff for its Vessels. Despite receipt of the required premiums BARBARA KOHLER negligently failed to procure insurance from a trustworthy and viable Underwriter.

36. At all times material, BARBARA KOHLER knew or should have known that United Guarantee Reinsurance Ltd. and various pooled Underwriters

were not licensed to write insurance in the State of Florida or for that matter in any other State in the United States of America.

37. At all times material, BARBARA KOHLER knew or should have known that United Guarantee Reinsurance Ltd. and various pooled Underwriters were the subject of investigations by several State's Department of Insurance for engaging in unauthorized insurance activity.

38. At all times material, BARBARA KOHLER knew or should have known that United Guarantee Reinsurance Ltd. and various pooled Underwriters were the subject of criminal investigations concerning their activities in the selling of questionable insurance policies.

39. Despite the above, BARBARA KOHLER arranged for the Plaintiff to be insured by United Guarantee Reinsurance Ltd. and various pooled Underwriters and thereby breached its duty as a broker to USBP Inc.

40. As a result of BARBARA KOHLER negligence USBP INC. has sustained damages in the amount exceeding $2.4 million dollars.

41. That BARBARA KOHLER misrepresented the benefits, advantages, conditions, or terms of the marine insurance policy purported issued to USBP INC.

42. That BARBARA KOHLER knowingly collected a premium or charge for marine insurance, which was not provided or was not in due course to be provided by the policy purportedly issued to USBP INC.

WHEREFORE, USBP INC. demands judgment against BARBARA KOHLER, for its damages together with interests, costs, and such other and further relief as this Court may deem just and proper.

DATED this _19th_ day of _November_, 2004.

    BLANCK & PERRY, P.A.
5730 S.W. 74th Street, Suite #700
Miami, Florida 33143
Phone: (305) 663-0177

By: _____
Robert W. Blanck, Esquire
Florida Bar Number: 311367
Attorney for Plaintiff, USBP INC.

6797/complaint

9

# CIVIL COVER SHEET

04-61555
CIV-COOKE
McALILEY

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**(a) PLAINTIFFS**

USBP INC.

**DEFENDANTS**

INTERNATIONAL MARINE ASSOCIATION LTD.
KEITH G. MORCROFT and BARBARA KOHLER

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** Ft. Lauderdale
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

NIGHT BOX FILED
NOV 19 2004

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
BLANCK & PERRY
5730 SW 74 STREET
SUITE 700
MIAMI, FLORIDA 33143   305-663-0177

**ATTORNEYS (IF KNOWN)**

(d) CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

Broward 0:04cv61555 Cooke/McAliley

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☒ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med Malpractice | B☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | B☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | B☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | B☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans Excl Veterans | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | B☐ 690 Other | **A LABOR** | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | | ☐ 710 Fair Labor Standards Act | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | | | **B SOCIAL SECURITY** |
| ☐ 195 Contract Product Liability | | | | ☐ 720 Labor/Mgmt Relations | ☐ 861 HIA (1395ff) |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 862 Black Lung (923) |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | | | ☐ 864 SSID Title XVI |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | B☐ 530 General | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | | | **FEDERAL TAX SUITS** |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | | ☐ 791 Empl Ret Inc Security Act | A☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | A☐ 871 IRS — Third Party 25 USC 7609 |
| | | B☐ 555 Prison Condition | | | ☐ 891 Agricultural Acts |
| | | | | | ☐ 892 Economic Stabilization Act |
| | | | | | ☐ 893 Environmental Matters |
| | | | | | ☐ 894 Energy Allocation Act |
| | | | | | ☐ 895 Freedom of Information Act |
| | | | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| | | | | | ☐ 950 Constitutionality of State Statutes |
| | | | | | ☐ 890 Other Statutory Actions A OR B |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

**COMPLAINT under Rule 9(h).**

LENGTH OF TRIAL
via ___ days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint
JURY DEMAND: ☐ YES ☒ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____ DOCKET NUMBER _____

DATE 11/18/2004

SIGNATURE OF ATTORNEY OF RECORD
ROBERT W. BLANCK, ESQ.

#156.00  911083
11/22/04